UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZERBO SAYE ACHILLE AZIZ,

    Petitioner,

v.

REBECCA J. ADDUCCI, Field Office
Director, Enforcement and
Removal Operations, Detroit Field
Office, U.S. Immigration and
Customs Enforcement, et al.,

    Respondents.
_____/

Civil No. 20-12977
Honorable Victoria A. Roberts

## **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 1]**

On October 20, 2020 Petitioner Zerbo Saye Achille Aziz ("Aziz") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. Aziz, a native and citizen of Burkina Faso, filed this habeas action claiming that his continued detention by U.S. Immigration and Customs Enforcement ("ICE") was unlawful because it exceeded the 180-day presumptively reasonable period for removal established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). At the time he filed his petition Aziz was detained at the Callhoun County Jail in Battle Creek, Michigan.

Respondents filed a Motion to Dismiss arguing that Aziz's habeas petition is moot due to Aziz's release from custody. [ECF No. 9]. Aziz did not respond to the motion.

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Mootness results when "events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009).

The relief Aziz seeks in his habeas petition is an order from this Court releasing him. [ECF No. 1, PageID.2]. However, according to the declaration of David Moore, a Deportation Officer with the Detroit Field Office of Enforcement and Removal Operations of ICE, Aziz was released from custody on March 17, 2021. [ECF No. 9-1, PageID.66]. Because Petitioner was effectively afforded the relief sought in his petition, the Court concludes that there remains no actual injury which the Court could redress with a favorable decision. *See Elwood v. Sanders*, 152 Fed. App'x 558 (8th

Cir.2005) (unpublished opinion) (holding that petitioner's release to community corrections center pending appeal rendered moot his challenge to the BOP's policy preventing his transfer).

Accordingly, the Court **DENIES AS MOOT** Aziz's petition for a writ of habeas corpus. Aziz's habeas petition is **DISMISSED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 10, 2021

S:\Roberts\Roberts\Leighton\Aziz v Adducci (20-12977)\[Final] Order Dismissing Petition as Moot - Aziz v Adducci (20-12977).docx